# GORDON SIMPSON v. STATE.

No. A-4217.   Opinion Filed Aug. 30, 1923.
(217 Pac. 1054.)
(Syllabus.)

1. **Indictment and Information—Information in Felony Case—Verification Unnecessary.** There is no necessity that an information in a felony case be verified by the oath or affirmation of any person.

2. **Same—Determination of Examining Magistrate as Authority for County Attorney to File Information.** It is the fact that there was a preliminary examination or waiver thereof and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe defendant guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived.

3. **Same—Information for Felony not Bad for Failure to State Presentment by County Attorney on Official Oath.** Where an information in a felony case is signed by the county attorney and is styled as required by the Constitution and statutes of the state, and it appears from the face thereof that it is an official presentment by information of the county attorney filed in the trial court, the failure to state in the body of the information that the same is presented by the county attorney "upon his official oath" does not render the information fatally defective.

4. **Larceny—Evidence Sustaining Conviction of Larceny of Domestic Fowls.** Evidence examined, and held sufficient to support the verdict and judgment, and further it is held that the law of the case was fairly covered in the general charge without material prejudice to the substantial rights of the plaintiff in error.

Appeal from District Court, Delaware County; A. C. Brewster, Judge.

Gordon Simpson was convicted of larceny of domestic fowls, and he appeals. Affirmed.

Miller & Miller, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.   On the 28th day of March,.1921, the county attorney of Delaware county filed an information in the district court of said county, jointly charging the plaintiff in error, Gordon Simpson, and Sampson Martin with the crime of larceny of domestic fowls, committed in the night-time, the property of one Maranda Lynch.   On a joint trial Martin was acquitted, and the plaintiff in error, Simpson, convicted and sentenced as above stated.   Judgment was rendered on the 7th day of October, 1921, and petition in error with case-made attached were filed in this court on the 25th day of February, 1922.

This prosecution is based on section 2119, Compiled Statutes 1921, which reads as follows:

"Every person who shall take, steal and carry away any domestic fowl or fowls in the nighttime, from the messuage of another, or from the premises upon which the dwelling house of another is situated, and any person purchasing or receiving such domestic fowl or fowls, knowing them to have been stolen, shall be guilty of grand larceny, regardless of the value thereof, and upon conviction shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding two hundred dollars, or by confinement in the county jail not exceeding two months, or by both such fine and imprisonment."

The facts are substantially as follows:   Along in the latter part of November, after  Thangsgiving, in  1920, Maranda Lynch, who lived near the town of Leach in Delaware county, Okla., had 5 hen chickens stolen from her premises. Mrs. Lynch stayed at her home during the  daytime  and slept at her father's premises at night.   Her father lived approximately three-quarters of a mile from her home place. She kept her chickens on the premises at home in a barn which was in the same inclosure with the dwelling house. The defendants Simpson and Martin also lived in that neighborhood.

Along about the 1st of December, 1920, these defendants, together with another Martin boy, sold some chickens to a Mrs. Brashars who lived about 8 miles west of the Lynch place. Mrs. Brashars bought 9 chickens from them. At the time she purchased the chickens they were carried in tow sacks and placed on top of a farm wagon in which these parties were hauling some hogs. Holes had been cut into the tow sacks and the chickens' heads protruded from them. In one of the tow sacks were the 5 chickens which were afterwards identified and recovered by Mrs. Lynch as the chickens taken from her place just a few days before they were sold to Mrs. Brashars. Mrs. Brashars testified that the legs of these five chickens had been tied with strings and wire, and that the legs of the one tied with wire were sore, indicating that it had been tied for several days. Mrs. Brashars also testified that the actions and the conduct of Simpson on the occasion when she purchased the chickens from him were peculiar, in that he seemed to be a little nervous and very anxious for the immediate payment of the money for the chickens.

The plaintiff in error, Simpson, admits that he sold Mrs. Brashars the 9 chickens, but contends that they were the property of his father, and that they were obtained at his father's home, were caught the morning that they were sold with his father's consent, and that he did not steal them from Mrs. Lynch.

The information was demurred to on the following grounds: First, that the court was without jurisdiction to try the cause; second, insufficient description of the property alleged to have been stolen; third, insufficient description of the premises; fourth, that the information does not state facts sufficient to charge the offense of stealing chickens or

any other public offense of which the court has jurisdiction. The demurrer to the information was overruled and exception reserved to the action of the court.

Counsel have abandoned on appeal the second, third and fourth grounds of the demurrer and rely on the first ground stated. If we correctly understand counsel's objections to the information, they are twofold: First, the information is not verified by any one; second, not being verified, there is no statement in the body of the information that it is made by the county attorney on his official oath.

There is no necessity that an information in a felony case be verified by the oath or affirmation of any person. Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359.

The information is signed by W. W. Miller, county attorney, and purports to have been presented to the court on the 28th day of March, 1921. There is no contention that the plaintiff in error was not accorded a preliminary examination. It is the fact that there was a preliminary examination or waiver thereof and a judicial determination thereon by the examining magistrate, that a felony has been committed, and that there is probable cause to believe defendant guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination, or for the offense charged in the preliminary information, when such examination has been waived. Williams v. State, 6 Okla. Cr. 373, 118 Pac. 1006; Norwood v. State, 14 Okla. Cr. 637, 169 Pac. 656; Little v. State, 21 Okla. Cr. 1, 204 Pac. 305.

The objection that the trial court was without jurisdiction to try the offense is not well taken under the decisions above quoted. Also it appears that this was an information

duly presented to the trial court by the county attorney of Delaware county, that it was styled as required by the Constitution and statutes of this state, and that it appears from the face thereof that it is an official presentment by information of the county attorney. The contention urged that the information is fatally defective because it does not include the words that it is presented "upon his official oath" is too technical to merit consideration, where it is not contended that the proceedings preliminary to the prosecution of a felony by information were not complied with.

Secondly, it is contended that the evidence is insufficient to sustain the conviction. This contention is based largely on the proposition that there is no credible evidence to prove that the chickens were taken in the nighttime. There is evidence in the record sufficient to support a finding to that effect. We consider the evidence as a whole sufficient to sustain the conviction.

We have examined the instructions given and those requested, and, while complaint is made of the general charge and of the failure to give a certain requested instruction, the conclusion is reached that the refusal to give the requested instruction was correct, and that the law of the case was fairly covered in the general charge, without material prejudice to the substantial rights of this plaintiff in error.

The judgment is affirmed.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.