## J. C. MORRISON v. STATE.

No. A-4751. Opinion Filed June 6, 1925.
(236 Pac. 901.)

Crossland, Ward & Chase, for plaintiff in error.

EDWARDS, J. The plaintiff in error will be referred to as defendant. The defendant was convicted of unlawful possession of intoxicating liquor in the municipal criminal court of the city of Tulsa and appeals by case-made which does not contain the evidence.

Several assignments of error are presented in the very able brief by counsel for defendant, several of which are directed to the constitutionality of the act of the Legislature creating the said court. The contention that the creation of the court is unconstitutional has been decided adversely to the contention of defendant in the case of Buchanan v. State (No. A-4749) 30 Okla. Cr. 362, 236 P. 903, and on the authority of that case this contention will not be further considered. It is assigned as error that the court called a jury in the trial of the case, although the defendant had expressly waived a jury trial by filing a written waiver, citing: Section 20, art. 7, state Constitution; In re Opinion of the Judges, 6 Okla. Cr. 18, 115 P. 1028; Cowden v. State, 5 Okla. Cr. 71, 113 P. 202; Soper v. State, 22 Okla. Cr. 27, 208 P. 1044.

We find no fault with the law announced that a defendant may waive a trial by jury. We have found noth-

ing in the record that indicates that the state also waiveα a trial by jury, nor is our attention called to any decision holding that a trial court, even though a waiver is made by both parties, may not of his own volition have a jury pass on the facts. The right is not given to a defendant to elect whether he will be tried by the court or by a jury. The state is entitled to a jury, although the defendant may expressly waive a jury. The Constitution (section 20, art. 7) contemplates that in order for a waiver to be effective both parties should waive the right to have the issues of fact determined by a jury. Cowden v. State, supra; In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118. There was no error in the calling of a jury by the trial court.

Complaint is also made that the record does not show the filing of any verified complaint, nor the issuing of a warrant. Neither does the record show that any objection was made to any irregularity of the proceeding prior to the arraignment of the defendant, or the information and his plea of not guilty thereto. So even if the warrant of arrest were illegal and no objection was made in apt time before plea to the information, the objection, if it had any validity, is waived. Bowen v. State, 5 Okla. Cr. 605, 115 P. 376.

The complaint is made that the court erred in overruling defendant's challenge to the jury panel. The record discloses that, subsequent to the plea of not guilty, defendant asked for leave to withdraw his plea in order to file a demurrer to the jurisdiction of the court, a motion to quash the information, demurrer to the information, and a challenge to the panel of jurors. Leave was granted to withdraw for the purpose of filing a demurrer to the information, and a motion to quash the panel of jurors, and for no other purpose. The demurrer to the information was

properly overruled. The challenge to the panel was filed. Counsel said:

"Mr. Ward: Defendant files challenge to the panel and tenders the same evidence as tendered in the Buchanan Case."

Motion was overruled by the court. Defendant excepts. Whether the tender of evidence was competent and material or was even received in evidence, we are not advised. It is not in the record. Complaint is also made of the court's instruction No. 5, on the presumption of innocence, which is:

"The court instructs the jury that the law presumes the defendant to be innocent until proven guilty beyond a reasonable doubt; such doubt to authorize an acquittal upon reasonable doubt alone, must be a substantial doubt of the defendant's guilt, with a view to all the evidence in the case and not a mere possibility of the defendant's innocence."

The instruction is inartful and unnecessary, but, as in other of the instructions, the jury are fully told of the burden of proof, the presumption of innocence, and the things necessary to be proven beyond a reasonable doubt in order to find the defendant guilty, there is no such error as calls for a reversal of this case. It is further assigned as error that the punishment is excessive, but, the evidence not being before the court, we are unable to determine this contention.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.