## BONNIE COLLINS v. STATE.

No. A-4747.   Opinion Filed June 6, 1925.
(236 Pac. 902.)

M. S. Simms, for plaintiff in error.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below. The defendant was convicted of unlawful possession of intoxicating liquor, and appeals. Several assignments of error are presented attacking the act creating the municipal criminal court of the city of Tulsa. This having been decided adversely to the contentions made will not be further considered. Buchanan v. State, 30 Okla. Cr. 362, 236 P. 903.

Complaint is also made for the reason that the court called a jury for the trial of the case, although the defendant had expressly waived a jury trial. This contention has also been decided adversely to the defendant. Morrison v. State, 31 Okla. Cr. 11, 236 P. 901, just decided.

It is also contended that evidence obtained by an illegal search warrant was used against defendant. The evidence on this point is ambiguous. The search warrant described the Empress rooms, but evidently gave the wrong house number. In the absence of a showing of bad faith, we think there is no such irregularity as would make void the search warrant. The next contention is that the evi-

dence is insufficient to sustain the verdict. The record discloses that the place searched was certain rooms at the Empress Rooming House, one of which was occupied by the defendant, and nothing was found in that room. In the kitchen five half-pints of whisky were found. There is no evidence that the kitchen was in the control of the defendant, or that she had any connection with it. It was essential to prove that the defendant was in the possession of this whisky in order to convict. The record does not contain such proof and the verdict is, therefore, not sustained by the evidence.

Other errors are assigned, but as the case must be reversed for insufficiency of the evidence, they will not be discussed.

The case is reversed.

BESSEY, P. J., and DOYLE, J., concur.