## NOBLE WILLIAMS v. STATE.

No. A-6491. Opinion Filed Oct. 6, 1928.
(270 Pac. 862.)

Tom W. Cheatwood, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, has appealed from the judgment and sentence of the county court of Cleveland county, state of Oklahoma, wherein he was tried, convicted, and sentenced on a charge of pointing a pistol at one Coleman Snow, in violation of the criminal laws of the state of Oklahoma.

This case was commenced in said county court on the 25th day of May, 1926, by J. D. Holland, then county attorney, filing an information in said court against the defendant herein, which information charged the defendant with un-

lawfully and willfully pointing a pistol at Coleman Snow, contrary to the statutes in such cases made and provided. Omitting the caption, the following affidavit was attached:

"Personally appeared before me, court clerk, in and for Cleveland county, state of Oklahoma, J. D. Holland, county attorney, of lawful age, who being sworn, upon his oath deposes and says that he has read the foregoing information and knows the contents thereof and the facts and allegations therein contained are true, as he is informed and verily believes."

Section 2511 of the Compiled Statutes of Oklahoma 1921, among other things, provides as follows:

"All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

In Re Tom Talley v. State, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A. (N. S.) 805, this court, in construing the statute above quoted, makes the following statement:

"That no misunderstanding with respect to the statements made above as to the necessity of the verification of informations may arise, we deem it proper to state further that the holding that such requirement exists relates solely to informations charging a misdemeanor."

It is admitted that the verification of the information is defective for the reason that it is made on information and belief, and for that reason, if properly challenged, is sufficient to warrant a reversal of this case. The verification of an information charging a misdemeanor and stating that the affiant declares that the statements set forth in the information are true as he is informed and verily believes is nothing more than an expression of an opinion and insufficient to support a judgment and conviction. In re Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A. (N. S.) 805; Muldrow v. State, 4 Okla. Cr. 324, 111 P. 656.

When the case was called for trial on the 18th day of November, 1926, the defendant appeared in person and moved the court for permission to withdraw his plea of not guilty heretofore entered, which motion of defendant

was allowed by the court, and defendant filed the following motion to set aside, quash, and hold for naught the information:

"Comes now the defendant, Noble Williams, and moves the court at this time to quash, set aside, and hold for naught the information in the above-entitled cause, for the reason that the same is not verified in positive terms as required by law, but is verified by the county attorney on information and belief only."

Which motion was by the court overruled and defendant duly excepted. It is argued by the defendant that his motion to quash the information should have been sustained by the court. The only question to be determined by this court is, Did the defendant by having entered a plea of not guilty waive his right to file his motion to quash, set aside, and vacate the information? We hold that, when the defendant's motion to be permitted to withdraw his former plea of not guilty was sustained by the court, the defendant then stood before the court in the same position as though no plea had been entered.

In the case of Gibbons v. Territory, 5 Okla. Cr. 216, 115 P. 131, this court, in passing upon a similar question to the one involved in this case, says:

"On the first trial of this case the appellant raised no objection to the sufficiency or regularity of the indictment. On the second trial, however, he was given permission to withdraw his plea of not guilty and file a motion to set aside the indictment. When the court permitted appellant to withdraw his plea of not guilty he then stood in the same attitude as if no plea had been entered, and the motion to set aside was in time."

The motion of the defendant to quash and set aside the information was in time, and the court erred in not sustaining the same. There are other errors assigned, but upon a careful examination we find them without merit.

The judgment of the trial court is reversed.

DOYLE, P. J., and EDWARDS, J., concur.