## JIM CONTI v. STATE.

No. A-6839.   Opinion Filed Nov. 2, 1929.
(282 Pac. 182.)

Harris & Lackey, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to in this opinion as the defendant, was by information charged with the unlawful possession of spirituous, fermented, malt and intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $100, and be imprisoned in the county jail for 30 days, from which judgment and sentence the defendant has appealed to this court.

The testimony on behalf of the state shows that the sheriff and his deputies went to the home of the defendant with a search warrant to search his premises, and found a half gallon of choctaw beer in the room adjoining the house, and went to the barn and found a twenty-gallon jar which was about half full of choctaw beer, and another half gallon in a jar. The testimony shows the officers tasted some of the beer and stated it was intoxicating.

The wife of the defendant was called and testified that she made the choctaw beer the officers found for her

own use; that she drank it for her health; she further stated they farmed, raised chickens and a few hogs. This is, in substance, all the testimony we deem necessary to set out.

The defendant has assigned several errors alleged to have been committed by the trial court; the second error assigned by the defendant being as follows:

"That the court erred in overruling his motion to quash and hold for naught the warrant of arrest based upon the information filed herein, for the reason that the said pretended warrant of arrest was issued, signed and served without any authority of law and conferred no jurisdiction upon the trial court to try this plaintiff in error."

The information in this case was filed on May 9, 1927, and on the same day the warrant of arrest was issued by the court clerk of Pittsburg county, Okla., upon which the defendant was arrested and the return of the officer filed on the 9th day of May, 1927. The record further shows that on the 9th day of May, 1927, the defendant was brought before the county judge of Pittsburg county for arraignment on said charge of possession of intoxicating liquor, and entered his plea of not guilty to the charge, and on the same day was released on bond.

On September 20, 1927, the defendant appeared in open court and filed his motion to exclude the evidence secured by reason of the search warrant, and quash the warrant of arrest, which motion was by the court overruled, and defendant excepted. If the defendant had filed his motion to quash the warrant of arrest prior to his arraignment and plea of not guilty, his plea would have been well taken and should have been sustained.

In Bowen v. State, 5 Okla. Cr. 605, 115 Pac. 376, this court in the syllabus, said:

"The clerk of a county court has no power to issue a 'warrant of arrest' for a defendant, based upon an information filed in said court; and, where a motion is made in apt time to set aside a warrant so issued, it should be sustained by the court."

The court in its opinion says it is true the defendant can voluntarily come into court and waive the issuance of the warrant of arrest, or, if the warrant has been improperly issued and defendant does not object thereto, but voluntarily submits to the jurisdiction of the court, he cannot afterwards be heard to complain of the illegality of his arrest, and that the court did not acquire jurisdiction of his person.

In Morrison v. State, 31 Okla. Cr. 11, 236 Pac. 901, the court says:

"Complaint is also made that the record does not show the filing of any verified complaint, nor the issuing of a warrant. Neither does the record show that any objection was made to any irregularity of the proceeding prior to the arraignment of the defendant, or the information and his plea of not guilty thereto. So even if the warrant of arrest were illegal and no objection was made in apt time before plea to the information, the objection, if it had any validity, is waived."

In this case, if the defendant desired to quash the warrant of arrest, he should have filed his motion before being arraigned and entering his plea of not guilty. His voluntary appearing and plea of not guilty waived his right to question the validity of the warrant of arrest.

It is next contended by the defendant that the court erred in not sustaining his motion to exclude the evidence secured by means of the search warrant. An examination of the application for the search warrant shows that the statements in the application were positively sworn to,

and was sufficient to justify the magistrate in issuing the search warrant, and the court did not commit error in overruling the motion of the defendant to suppress the evidence.

The other errors assigned by the defendant are without merit. The evidence is sufficient to sustain the judgment.

The case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.