## FRANK BARNES v. STATE.

No. A.-6943. Opinion Filed March 8, 1930.
Rehearing Denied March 29, 1930.
(286 Pac. 21.)

Burns McCain, Warren B. Phillips, and J. R. Huggins, for plaintiff in error.

450

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree, and his punishment fixed by a jury at imprisonment for 25 years in the state penitentiary.

The evidence of the state is that the defendant and one Wiggins had been drinking, and were on the streets of Seminole on the night and prior to the homicide; that defendant and Wiggins stopped near the Ralph Owens cigar store; that Joe Chastine, Randolph Owens, and his wife, Gladys Jones, and perhaps other people were in the Owens cigar store; that defendant and Wiggins were in front of this place using vile and indecent language; that Joe Chastine, as an officer, went out to remonstrate with the defendant and Wiggins, and, after some conversation, the defendant struck the said Chastine with his fist; that Chastine took a "billy" from his person and attempted to strike defendant; that defendant immediately drew a .45 caliber pistol and shot at Chastine, the bullet passing through his coat and against his neck, and that the jar caused Chastine to fall to the sidewalk, and the bullet intended for him struck Gladys Jones and killed her. Immediately after the shooting defendant left, presumably to go to his work in the oil fields near Seminole, and was arrested near the Rock Island Depot. At the time of his arrest, the defendant denied that he had been in any trouble or that anybody had been killed, and claimed that he was authorized by the chief of police of Seminole to carry the pistol to protect himself from highwaymen.

The defendant after his preliminary trial was released on bond, left the country, and was later found in Montana

and returned for trial. He again made bond, but, when the case was called for trial, he was not present and the bond was forfeited, and within a short time thereafter the defendant was again arrested and placed in jail. The defendant admits the killing, and admitted that he had been drinking the night of the homicide, but claims that the shot was fired accidently, and that he did not intend to shoot but was using the gun for the purpose of striking Chastine to prevent Chastine from hitting him with the "billy." All the state's witnesses testified that he drew his gun and immediately fired at Chastine, and that he did not strike Chastine at all.

Before the jury was impaneled, the defendant got leave of the court to withdraw his plea of not guilty, and his counsel dictated into the record the following motion to quash the information: "Comes now the defendant and moves the court to set aside the information in this case for the reason that his examining trial was had before Jessie L. Day, a justice of the peace of this county but not of this justice of the peace district, and the said examining trial was conducted by said justice of the peace out of the district in which he was justice of the peace," and now contends that the court erred in overruling this motion to quash. That part of section 2598, C. O. S. 1921, pertinent to the issue provides as follows:

"To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment or information the defendant may file his application before any court of record in the county, setting out and alleging that he is being proceeded against in a certain court, naming it, and setting out a copy of his motion, and alleging, all under oath, that he is acting in good faith, and praying for an order to examine witnesses in support thereof."

In the case of Brown v. State, 36 Okla. Cr. 293, 254 Pac. 113, this court said:

"Before a defendant is entitled to be heard in a proceeding to set aside an information, he must bring himself clearly within the provisions of the statute. A motion to set aside an information must be duly verified."

The court in the body of the opinion said:

"The motion was not verified. It does not allege that the defendant is acting in good faith, and no proof was offered in support thereof. On the day it was filed the motion was overruled. The question argued is not presented by the record. The presumption is that a preliminary examination was duly had. It follows that the motion to quash was properly overruled." Williams v. State, 41 Okla. Cr. 189, 270 Pac. 862; Gravitt v. State, 44 Okla. Cr. 45, 279 Pac. 968.

Defendant's motion to quash, not being in proper form and not being verified, was insufficient to require the trial court to consider or sustain the same.

The defendant next contends that the court erred in giving instruction No. 7. It appears from the record that prior to the giving of the instructions to the jury the court dictated the following into the record:

"Let the record show that the counsel for the defendant waives making any further suggestions, or suggesting any further instructions to the jury, and agree to the instructions submitted by the court."

The defendant, having waived further suggestions and having waived the giving of additional instructions, and having agreed to the instructions as given by the court, will not now be heard to complain that any of said instructions do not correctly state the law, unless they

are fundamentally wrong. The instructions given by the court on its own motion fairly state the law of the case.

The defendant next contends that the court erred in overruling his application for a continuance. The information was filed on the 11th day of April, 1927. The defendant at that time was represented by Cristwell and Billingsley, attorneys. The cause was then continued at request of defendant for two terms. About three months before the trial it was discovered that the defendant had left the state, he was located in Montana, and brought back at an expense of about $300 to his bondsman. On the 22d defendant was informed by Mr. Billingsley, his attorney, that he would withdraw from the case, and on the day defendant was arraigned in open court Billingsley withdrew from the case. The defendant not being present, his bond was again forfeited and an alias warrant issued. The defendant was present in court on Tuesday morning, left the court, and reappeared on Wednesday, at which time he was arraigned, was told his case was for trial, and asked if he had a lawyer. He stated he had employed James Mathers of Oklahoma City, but that Mathers could not be present until the next week. At that time the court told him he must arrange to have his lawyer present when the case was reached or get some other lawyer. On the day of the trial the court had the defendant brought in for the purpose of appointing counsel for him, and, when the court inquired if he wanted the court to appoint an attorney for him, he said he wanted to talk to Phillips. Thereupon the court instructed the officer having charge of him to allow him to talk to any attorney he wanted to. About ten days before this time the county attorney had notified Mr. Mathers that the case was set for arraignment on Monday the 24th, and the trial would proceed as soon as it could be reached on the docket of the court, and

notifying him that no further continuances would be consented to by the county attorney. Defendant was represented in his trial by Phillips, Huggins and Drake and Threadgill and Boughman. The defendant contends that the court erred in forcing him to go to trial in the absence of his attorney, James Mathers, and because the defendant was misled and did not have time to subpoena his witnesses. This court has frequently held that absence of counsel is no ground for continuance. Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923; Waldock v. State, 42 Okla. Cr. 331, 276 Pac. 509.

The showing for continuance does not show due diligence on the part of defendant to procure the attendance of his witnesses, and was not sufficient under the law to require a continuance of the case. An application for a continuance is addressed to the sound discretion of the trial court, and, unless an abuse of this discretion is shown, a judgment will not be reversed on appeal. Davis v. State, 10 Okla. Cr. 169, 135 Pac. 438; Anderson v. State, 21 Okla. Cr. 193, 207 Pac. 977.

A careful examination of the record reveals that the defendant was in the commission of a felony at the time the shot was fired that killed Gladys Jones, that he had a fair trial, and that the evidence is sufficient to support the verdict of the jury. The errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.