STATE v. WALTER LEE JACKSON.

No. A-8862.   July 26, 1935.
(48 Pac. [2d] 861.)

Lewis R. Morris, Co. Atty., Walter Marlin, Asst. Co. Atty., and Mac Q. Williamson, Atty. Gen., for the State.

J. Q. A. Harrod and Laynie W. Harrod, for defendant in error.

EDWARDS, J. This is an appeal by the state on a reserved question of law. A preliminary information charging defendant in error with a felony, an assault with a dangerous weapon upon one J. C. Acord, was filed before a magistrate of Oklahoma county. The verification was signed by J. C. Acord. The signature of the magistrate was omitted from the jurat. Defendant in error was arrested, was arraigned, waived reading of information, entered a plea of not guilty, and made appearance bond. On his application hearing was continued. Later, a preliminary was had, proper finding of probable cause made by the magistrate, bond fixed and made by defendant, and by

proper transcript certified to the district court. An information charging the identical offense as in the preliminary information was then filed in the district court. Some six months later the cause came on for trial in the district court; both parties announced ready. A jury was called and examined on voir dire, and, just before they were sworn to try the cause, defendant's counsel made oral request to withdraw plea of not guilty and to file a motion, which the court allowed. Counsel then made an oral motion stating: First, the preliminary information was not sworn to; second, that the information in the district court was not sworn to. He then made what he terms an oral demurrer, stating that the information was not signed by the county attorney. The court announced he sustained the "motion or demurrer" and ordered the defendant to be discharged. In so doing, he announced:

"A real judge with courage and red blood and intellect will set aside and hold for nothing decisions of appellate courts when they are wrong."

The motion to set aside the information was wholly insufficient and should not have been entertained. Sections 2936-2945, Okla. Stat. 1931, are the applicable statutes. Section 2938 is:

"To enable the defendant to make proof of the matter set up as grounds for setting aside the indictment or information the defendant may file his application before any court of record in the county, setting out and alleging that he is being proceeded against in a certain court, naming it, and setting out a copy of his motion and alleging, all under oath, that he is acting in good faith, and praying for an order to examine witnesses in support thereof. The court shall thereupon issue subpoenas to compel any or all witnesses desired to appear before him at the time named, and shall compel the witnesses to testify fully in regard to the matter and reduce the examination to writing, and

certify to the same, and it may be used to support the motion. The mover shall pay the costs of the proceeding. He shall notify the county attorney at least two clear days before he proceeds, of the time and place of taking such testimony, and the county attorney may be present and cross-examine the witnesses, and if need be, the case in the district court must be adjourned for that purpose."

Under these statutes it has been uniformly held that a defendant must bring himself clearly within their provisions. Brown v. State, 36 Okla. Cr. 293, 254 Pac. 113; Thornton v. State, 49 Okla. Cr. 380, 293 Pac. 583, 295 Pac. 803. Accused must make his application in writing and under oath, and must allege he is acting in good faith. Barnes v. State, 46 Okla. Cr. 449, 286 Pac. 21; Thornton v. State, supra. The trial court entirely ignored this requirement of the law and permitted it to be made orally and without verification.

In passing on the questions presented, the court quoted a number of sections from the Constitution. Only one of these, section 17 of the Bill of Rights, had any application. The court also quoted from Shakespeare, whom he designates "the greatest philosopher that ever lived." We have a great admiration for the English bard, but feel constrained to hold that the maunderings of Falstaff cannot take the place of the Oklahoma Constitution and statutes. We fear the learned trial court is a better authority on A Midsummer Night's Dream than he is on the laws and decisions of this state.

There was no showing made that the complaining witness did not verify the preliminary information, but nevertheless, the court announced that he would not take judicial notice of his signature, apparently overlooking the fact that the burden was on defendant to make proof of any error which he claimed deprived him of any substantial

right. In Warren et al. v. State, 35 Okla. Cr. 430, 251 Pac. 101, it was held:

"Where a preliminary complaint charging a felony is properly verified before a justice of the peace, it is a sufficient basis for the issuance of a warrant of arrest, although the officer administering the oath neglects to sign the jurat."

Even if the preliminary complaint had not been verified, the law is settled by many decisions of this court and by the general rule that an unverified complaint is sufficient for all purposes, except as a basis for the issuance of a warrant; but if a warrant is issued on an unverified complaint, it must be challenged by a motion to quash the warrant at the first opportunity, or the objection is waived. In Steiner v. State, 33 Okla. Cr. 298, 243 Pac. 1002, it is held:

"Where an unverified complaint charging a felony is filed before a magistrate, it is insufficient to authorize the issuance of a warrant, but, if a warrant is issued on such complaint, and a defendant apprehended and arraigned and submits to the jurisdiction of the magistrate, and has a preliminary trial on such complaint without challenging its sufficiency for lack of verification, such defect is waived."

In Conti v. State, 45 Okla. Cr. 105, 282 Pac. 182, it is held:

"Although the warrant of arrest may have been issued by the court clerk without authority, if the defendant failed to file his motion to set aside such warrant before arraignment and plea, the error is waived."

This holding has been followed many times by this court. It is equally well settled that an information charging a felony filed in a district court is not required to be

verified. In re Talley, 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805, it is held:

"There is no requirement in this state that an information charging a felony, filed in the district court, be verified."

See, generally, Simpson v. State, 24 Okla. Cr. 275, 217 Pac. 1054; Stamper v. State, 25 Okla. Cr. 324, 220 Pac. 67; Brown v. State, 9 Okla. Cr. 282, 132 Pac. 359; Henson v. State, 5 Okla. Cr. 201, 114 Pac. 630; Gunnells v. State, 7 Okla. Cr. 98, 122 Pac. 264; Hughes v. State, 7 Okla. Cr. 117, 122 Pac. 554; Davis v. State, 4 Okla. Cr. 508, 113 Pac. 220; Bowen v. State, 5 Okla. Cr. 605, 115 Pac. 376; Bonham v. State, 6 Okla. Cr. 227, 118 Pac. 159; Conti v. State, 45 Okla. Cr. 105, 282 P. 182; Ex parte Robinson, 56 Okla. Cr. 404, 41 Pac. (2d) 127.

The trial court also erroneously held that the information was not signed by the county attorney. This court holds that when the name of the county attorney is affixed in print or typewriting by a duly appointed assistant, who then signs, this is a sufficient compliance with section 2829, Okla. Stat. 1931. Hardin v. State, 56 Okla. Cr. 440, 41 Pac. (2d) 922.

If follows the trial court was in error in all the reasons assigned for his decision. The case is reversed and remanded, with instructions to vacate the order sustaining the "motion and demurrer," and to proceed with the trial.

DAVENPORT, P. J., and DOYLE, J., concur.