## DAN LANDON v. STATE.

No. A-10526.  Feb. 27, 1946.

(166 P. 2d 781.)

Carl C. Wever, of Pawhuska, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Dan Landon, was charged by information filed in the district court of Osage county with the crime of rape in the first degree; was tried, convicted of the crime of rape in the second

degree, and sentenced to serve 15 years in the State Penitentiary, and has appealed.

This is the second time the defendant has appealed to the Criminal Court of Appeals. In the opinion rendered in the former case, Landon v. State, 77 Okla. Cr. 190, 140 P. 2d 242, some of the evidence against the defendant was discussed. The cause was there reversed because of the admission of certain incompetent evidence. Upon a retrial of the case, the evidence complained of was omitted.

The defendant was accused of the crime of rape committed upon his daughter, Dorothy Landon, age 13, on May 24, 1939. Upon the trial of the case, the evidence disclosed that the act was committed when Dorothy was age 14, in May, 1940. The act is alleged to have occurred at a time when Mrs. Landon and several of their children were absent from the home. Dorothy Landon told of a series of acts of sexual intercourse committed with the defendant commencing five or six years prior to the time in controversy and continuing until she was fully matured. As to the particular act charged in the information, the prosecuting witness is corroborated by her sister, La Etta Landon, who was occupying the same bed as Dorothy Landon, and testified that the defendant committed the act in her presence while she was there on the bed with Dorothy Landon.

A doctor who examined Dorothy Landon at the request of the county attorney testified that the hymen was completely obliterated and that, in his opinion, she had had sexual intercourse over a long period of time.

The defendant denied the act attributable to him and contended that his daughters were under the influ-

ence of his wife, who wanted to get him out of her way so that she could remarry. The defendant and his wife had been married 19 years prior to his arrest for this offense and she had borne nine children. After the defendant's arrest and conviction of this charge, she filed suit and obtained a divorce from him. Subsequently, the wife remarried. It is not shown in the record just how long a period she waited after her divorce before remarriage.

Where there is a conflict in the evidence or different inferences may be drawn therefrom, it is the province of the jury to weigh the evidence and determine the facts. Spann v. State, 69 Okla. Cr. 369, 103 P. 2d 389; Drennan v. State, 69 Okla. Cr. 348, 102 P. 2d 952.

The greater portion of defendant's brief is devoted to the proposition that the court was without jurisdiction to proceed with the trial of said cause because, first, the information was not verified, and second, the complaint filed before the committing magistrate was signed by the wife of the defendant, and that she was incompetent to institute the proceedings against her husband; therefore, the complaint was a nullity and could not serve as a basis for the filing of an information in the district court.

Counsel states at the outset of his brief that this question was never raised in the trial court and is not set forth in the petition in error filed in this court, but it is contended that the lack of jurisdiction of the trial court may be shown at any stage of the proceedings.

Counsel is correct in his assertion that jurisdictional defects will be considered by this court even though raised for the first time on appeal. Ex parte Lane, 58

Okla. Cr. 298, 52 P. 2d 1078; In re Talley, 4 Okla. Cr. 398, 112 P. 36.

Both the state and the defendant have briefed the question as to whether the wife may sign the affidavit making the complaint against her husband, for making an assault upon their daughter, but as we view the record, it is not necessary for us to decide such question.

This alleged defect was directed to the criminal complaint filed before the magistrate. If counsel had wished to question the insufficiency of the complaint filed before the magistrate, he should have done so by proper motion to quash at the time of his arraignment in the district court.

It has been held that the entire preliminary proceedings may be waived in the trial court and is waived by failure to file a motion to quash or set aside before entering a plea on the merits. Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, 259; Sheller v. State, 58 Okla. Cr. 204, 52 P. 2d 105.

In Sparks v. State, 71 Okla. Cr. 430, 112 P. 2d 434, it is held:

"Where a defendant voluntarily enters a plea of guilty, or enters a plea of not guilty, and goes to trial, he will be deemed to have waived any right he may have had to question the fact that he did not have such preliminary examination or that the transcript filed by the justice of the peace in the district court is insufficient."

In the case of State v. Jackson, 57 Okla. Cr. 277, 48 P. 2d 861, this court stated:

"Where an unverified complaint charging a felony is filed before a magistrate, it is insufficient to authorize the issuance of a warrant, but if a warrant is issued on

such complaint, and a defendant apprehended and arraigned and submits to the jurisdiction of the magistrate, and has a preliminary trial on such complaint without challenging its sufficiency for lack of verification, such defect is waived."

"There is no requirement in this state that an information charging a felony, filed in the district court, be verified."

This court has held in many cases that if a magistrate issues a warrant on an unverified complaint and defendant is apprehended and submits to the jurisdiction of the magistrate, without challenging its sufficiency for lack of jurisdiction, such defect is waived. Steiner v. State, 33 Okla. Cr. 298, 243 P. 1002; Conti v. State, 45 Okla. Cr. 105, 282 P. 182.

It is not required that information charging the defendant with a felony in the district court be verified. State v. Jackson, supra. However, by statute, it is provided that all informations shall be signed by the county attorney. 22 O. S. 1941 § 303. However, this requirement that an information be signed by the county attorney is one that may be waived and is waived where the defendant goes to trial without raising this question. Roberts v. State, 72 Okla. Cr. 384, 115 P. 2d 270, 271.

Since the question now raised by defendant is raised for the first time on appeal, we feel that, under the authority of the cases above set forth, this court is bound to hold adversely to the defendant's contention.

It is next urged that the trial court erred in failing to declare a mistrial because of certain evidence testified to by the prosecuting witness, Dorothy Landon, on cross-examination. In this connection, the record discloses the following incident occurred during the cross-examination of the witness by counsel for defendant:

"Q. How did it happen you did not discuss this particular act when your mother was in Oklahoma City? Mr. Carman: Ponca City. Q. Ponca City. A. We didn't talk about it. Q. You did talk about it? A. We didn't. Q. Why didn't you talk about it? Can you give any reasons? A. We didn't want to, I guess. Q. But you did want to talk about these other acts, is that true? A. We told each other because it was happening, the same thing, to both of us. Mr. Wever; Now, if the court please, we ask that be stricken and the 'court' admonished not to give any weight to it; and we ask for a mistrial. Mr. Carman: I cannot help if counsel runs into a buzzsaw—on cross-examination. Mr. Wever: I haven't run into a buzzsaw. The Court: Mr. Wever, you have asked this girl why. Mr. Carman: And she has the right to answer. Mr. Wever: About improper relations with her. The Court: Well, I will admonish the jury that anything she has said here in answer to his question with reference to the defendant's relations with someone else other than herself be not considered by the jury. Mr. Wever: And we ask that you declare a mistrial. The Court; Overruled. Mr. Wever: Exception."

Just preceding the examination complained of, it had been brought out by cross-examination that the defendant had been having improper relations with the witness for many years, but that during all of those years the witness had not divulged that fact to her mother, but had talked it over with her sister, La Etta, except she stated that she did not discuss the particular act involved in this prosecution with her said sister. Counsel then proceeded with the examination herein above set forth with the results therein shown.

Counsel contends that the court should have declared a mistrial because the statement by the prosecuting witness was not in response to his question and her statement that the defendant was doing the same thing

to her sister was prejudicial to the rights of the defendant and denied him a fair and impartial trial.

While the state virtually ignored this proposition in their brief, still, this court will not take such action on the part of the state as an admission by the state that defendant's contention is correct. Under the decision which we rendered in the former appeal, we held that it was error for the court to admit in evidence, over the objection of defendant, alleged acts of sexual intercourse committed with parties other than the prosecutrix, where they are distinct and unrelated offenses and not so connected with the offense charged in the information as to be a part of the res gestae. Landon v. State, supra. Under this holding, if the county attorney had attempted in the direct examination of the witness to have brought out conversations between the witness and her sister to bolster the state's case, or to show other acts of sexual intercourse with the sister wholly disconnected with that charged against the defendant, this court would not hesitate to have reversed the case because of such conduct. Here, however, we find the state very careful in the presentation of its case. The evidence complained of was brought out by cross-examination of the prosecuting witness. A reading of the record shows that counsel for defendant was insistent in his cross-examination that the prosecutrix give some reason why she had not discussed this particular act with her sister, with the consequences noted in the record as herein above set forth. Counsel may not in his cross-examination go to exploring unknown fields and object to evidence which he brings out by his questioning because such evidence is damaging to his client. Here, counsel asked this young girl, "Why didn't you talk about it?" "Can you give any reasons?" The answer given by the witness

was an attempt on her part to explain just why the matter was or wasn't discussed.

In addition to what we have said above, we find that the trial court in this instance admonished the jury not to consider the statement of the witness with reference to the defendant's relations with some one else other than herself. Counsel for defendant, in view of the questions which he had asked, should have been satisfied with this admonition of the court.

We can find no substantial errors in this record. The cause was fairly presented. The jury decided the issues against the defendant. In the former trial he was given a sentence of 40 years; in this trial the jury only gave him a sentence of 15 years. We thus find the jury tempering the judgment with mercy.

The judgment and sentence of the district court of Osage county is therefore affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.