Clement REAGAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12127.

Criminal Court of Appeals of Oklahoma.

Feb. 9, 1955.

 

means of said dangerous and deadly weapon and by means of threats of immediate death to the said Gordon Hill, he the said defendant, did then and there and thereby produce in the mind of him, the said Gordon Hill, great fear of immediate injury to his person sufficient to and which did overcome all resistance on the part of the said Gordon Hill, and while the said Gordon Hill was laboring under such fear and restraint so produced as aforesaid, he, the said defendant did unlawfully, wilfully, wrongfully and feloniously take, steal and carry away from the person or immediate presence of the said Gordon Hill and in his possession approximately $400 in cash and narcotics of the approximate value of $500 in good and lawful money of the United States of America, the personal property of the said Gilliam Prescription Store, and under the control of the said Gordon Hill, with the unlawful, wilful, wrongful and felonious intent on the part of said defendants to appropriate the said money to his own use and benefit and to permanently deprive the said rightful owner thereof * * *" etc.

William N. Mounger, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Clement Reagan, hereinafter referred to as defendant, was charged by information filed in the district court of Oklahoma County with the crime of robbery with firearms, and was tried before a jury, who found him guilty as charged.

The information set out that on the 12th day of December, 1953 the defendant, acting conjointly and together with Thomas Henry Booth and Ivan Ellis Pearce, did wilfully, etc., make an assault upon one Gordon Hill "with a certain dangerous and deadly weapon, two pistols, then and there loaded with gunpowder and metal bullets, and then and there had and held in the hands of the said defendant, and by means of said assault so made as aforesaid, by

The statute provides a penalty of death, or imprisonment for a period of time of not less than 5 years at the discretion of the court. The punishment fixed by the jury was confinement in the state penitentiary for a period of twenty years.

No brief has been filed on behalf of appellant, and no appearance was made at the time the case was set for oral argument. Rule 9 of this Court, 22 O.S.A. c. 18, Appendix, provides:

"When no counsel appears and no briefs are filed, the Court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears will affirm the judgment."

We have carefully examined the testimony of the witnesses as disclosed by the record and the instructions of the court, and do not find error. The defendant did not testify and offered no evidence. The State produced evidence showing that

the defendant after the robbery charged and while incarcerated in a jail in Kansas confessed to the robbery of the Gilliam Prescription Store, in Capitol Hill, Oklahoma City, where Gordon Hill was the pharmacist. Mr. Hill at trial identified the defendant, as did a customer who was in the drug store at the time of the robbery.

Three Oklahoma officers testified to the defendant admitting the robbery with firearms and obtaining money and narcotics. The evidence showed the value of the narcotics to be less than alleged in the information, and the sum of money not as great as charged. Otherwise there was no discrepancy.

The jury was lenient, but the fact issues and punishment were within the province of the jury to decide, and nothing appears that would justify any interference from this court. Landon v. State, 82 Okl. Cr. 336, 166 P.2d 781; Coats v. State, 90 Okl.Cr. 217, 212 P.2d 141, 214 P.2d 455.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.