**Swanie FITZGERALD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error,**

**No. A-12099.**

Criminal Court of Appeals of Oklahoma.

April 20, 1955.

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Swanie Fitzgerald, was charged in the county court of Kiowa County by information with the crime of driving a motor vehicle while under the influence of intoxicating liquor, was found guilty and his punishment fixed at a fine of $50. Such conviction, under Laws 1953, p. 191, § 1, 47 O.S.A. § 93, makes it mandatory for the Commissioner of Public Safety of Oklahoma to revoke the driver's license of all persons so convicted, for a period of twelve months, and apparently for such reason an appeal has been perfected to this court.

No brief has been filed on behalf of appellant, and no appearance was made at the time the case was set for oral argument. Rule 9 of this court, 22 O.S.A. c. 18, Appendix, provides:

"When no counsel appears and no briefs are filed, the Court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears will affirm the judgment."

Under Rule 6, it is in part provided:

"In misdemeanor cases where no brief is filed by plaintiff in error within thirty days after filing his petition in error, and no extension of time to file brief is granted, the Court may summarily submit the cause without notice to counsel for plaintiff in error, for decision and without placing the case on the docket for oral argument, as provided under Rule 9."

We have carefully examined the testimony of the witnesses as disclosed by the record, and the instructions of the court, and do not find error. There was ample evidence to support the charge contained in the information that the defendant while intoxicated drove a 1950 Chevrolet automobile upon certain streets of Hobart. The defendant produced a number of witnesses

to show that in their opinion he was not intoxicated a short time before the arrest, or from his movements viewed from a distance at the time of his arrest that he did not act as an intoxicated person. The defendant did not testify. A fact question was presented, and it was within the province of the jury to settle the issue. Landon v. State, 82 Okl.Cr. 336, 166 P.2d 781; Coats ·v. State, 90 Okl.Cr. 217, 212 P.2d 141, 214 P.2d 455.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.