Eula CARDWELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12257.

Criminal Court of Appeals of Oklahoma.

Feb. 8, 1956.

Hughes & Hughes, Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Judge.

Eula Cardwell was charged by information in the County Court of Tillman County, Oklahoma, with the unlawful transportation of intoxicating liquor in violation of 37 O.S.1951 § 1, said offense having occurred on or about April 10, 1954. The defendant was tried by jury, convicted, and his punishment fixed at a $50 fine and 30 days in jail.

The appeal was filed in this court on September 12, 1955 and the case was set for oral argument on January 18, 1956. No briefs have been filed and no appearance was made at the time the case was set for oral argument. Under such state of the record, pursuant to the rules of this court, the judgment and sentence will be affirmed unless such gross and fundamental error is found in the record that it would be unfair to affirm it. Gaston v. State,

922

Okl.Cr., 284 P.2d 436; Fitzgerald v. State, Okl.Cr., 283 P.2d 208.

Briefly, the facts in this case reveal that Sheriff Kilgore, of Tillman County, called for a taxicab at the Yellow Taxicab Company to bring him a pint of whiskey. Within a short period of time, the defendant appeared at the appointed place. The sheriff approached and observed the whiskey on the front seat of the taxicab. The defendant, recognizing the sheriff, backed out and fled down the street. Other police officers, who were trailing him, took up the pursuit. By means of a spotlight, the pursuing officers were able to observe a bottle being thrown from the taxicab about a block from where the defendant was stopped. Returning to the spot where the bottle was thrown out of the taxicab, the officers found a broken Old Crow pint whiskey bottle. The ground where the bottle lay was wet with a liquid identified as whiskey. The seal on the bottle had not been broken.

The evidence is sufficient to sustain the conviction and the record discloses no fundamental error. Affirmed.

JONES, P. J., and POWELL, J., concur.