Arthur C. WEBSTER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12717.

Court of Criminal Appeals of Oklahoma.

April 22, 1959.

A. W. Mauldin, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Arthur C. Webster, defendant below, was charged by information in the District Court of Stephens County, Oklahoma, with the crime of operating a motor vehicle while under the influence of intoxicating liquor, a second and subsequent offense. He was tried to a jury, convicted, and his punishment fixed at confinement in the state penitentiary for a period of one year and a fine of $1. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The evidence in chief reveals the defendant was observed by a Trooper of the Oklahoma Highway Patrol approximately one mile south of Comanche, Stephens County, Oklahoma, driving across the center line as he was meeting on-coming traffic. The Trooper turned around, pursued the defendant to approximately 9/10 mile north of Comanche where he placed the defendant under arrest. He testified in his opinion the defendant was under the influence of intoxicants at the time of the arrest. A second Trooper was called who removed the defendant to Duncan, Oklahoma, and there administered an intoximeter test to him. The second Trooper also testified the defendant was, in his opinion, under the influence of intoxicants. The chemist employed by the Oklahoma State Bureau of Identification who made the analysis of the intoximeter test testified the result showed the defendant had at that time .15% blood alcohol by weight. Proof was introduced of the former conviction as alleged in the information which was admitted by the defendant.

The only evidence presented by the defendant was his own testimony wherein he denied he was intoxicated at the time of the arrest, denied he had crossed the center line when meeting the Trooper, and denied that he had had anything to drink the day of the arrest.

Conflicting evidence presents a question for the determination of the jury. This Court has many times held that where there is any evidence reasonably tending to support the finding of the jury, the same will not be reversed, vacated, or set aside on appeal for insufficiency of evidence. Bradford v. State, Okl.Cr., 331 P.2d 485. We find the evidence is ample on which the jury could base their finding.

This cause was filed in the Court of Criminal Appeals on January 20, 1959. The defendant's counsel requested and was granted an extension of time of 30 days in which to file his brief. At the time of submission, April 8, 1959, and to this date defendant has filed no brief supporting his allegations of error in the petition in error. The rule has long been adhered to that where no briefs are filed and no appearance made on behalf of plaintiff in error, the Court of Criminal Appeals will examine the information, the instructions, and the judgment and sentence, and if it appears the plaintiff in error has been deprived of no constitutional rights, the judgment and sentence will be affirmed. Cardwell v. State, Okl.Cr., 293 P.2d 921. It appears herein that defendant was most ably represented by counsel and was deprived of none of his constitutional rights.

The judgment and sentence is therefore affirmed.

POWELL, P. J., and NIX, J., concur.