Gary W. **ELLINGTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee. .

No. F–73–286.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1973.

Jack C. Brown, Brown & Brown, Miami, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Ottawa County, Case No. CRF–71–199, appellant, Gary W. Ellington, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Robbery with Firearms. His punishment was fixed at twenty (20) years imprisonment. From that judgment and sentence, he has perfected a timely appeal to this Court.

As no questions regarding the sufficiency of the evidence are raised in this appeal, a detailed statement of the facts is unnecessary. Suffice it to say the evidence at the trial revealed that on March 19, 1971, between 8:00 and 8:30 a. m. defendant and a male companion drove a turquoise and white 1957 Chevrolet to the gasoline pumps on the premises of the Shawnee Grocery, located on Highway 10 approximately five miles from the Miami, Oklahoma, city limits. The pair ordered a $3.00 purchase of gasoline. Judy Doudhit, apparently in charge of the grocery at the time, filled the order and upon reentering the grocery, observed defendant and his companion shopping inside the store. De-

fendant approached the checkout counter and his companion remained near the rear door. A box of shotgun shells, two cans of oil and a "six-pack" of beer were placed on the checkout counter. Subsequently, defendant brandished a firearm and ordered Doudhit to produce all bills and large coins from the cash register. She complied with the demand with the items on the counter and approximately $200 in bills and change placed in a shopping bag. Thereafter, Troy Harris, an employee of the Basteen Wholesale Grocery Company, at gunpoint, was ordered to produce his wallet. Harris complied by placing his wallet on the checkout counter. Subsequently, his wallet was returned to him. As defendant and his companion were preparing to leave the premises, defendant's companion approached Doudhit and Harris and sprayed their eyes with a chemical substance similar to mace. After this occurrence, the pair left the premises.

In summary defendant's testimony generally established an alibi revealing that at the time of the robbery defendant was in the city of Quapaw negotiating a loan for the purchase of a 1967 Chevrolet Caprice. The evidence surrounding this alibi was inconsistent with much of it refuted by rebuttal testimony presented by the State.

█ Defense counsel first contends the Information is defective on its face for the reason that it is not personally verified by the district attorney of Ottawa County. Counsel argues 22 O.S.1971, § 303 mandates the district attorney personally verify each Information filed in his district. We do not agree with counsel's argument. In the Information in the case at bench, the district attorney's name is inserted in the verification followed by the signature of the district attorney's duly appointed assistant acting in his official capacity. This is a sufficient compliance with 22 O.S.1971, § 303. The verification is not defective. See

State v. Jackson, 57 Okl.Cr. 277, 48 P.2d 861 (1935).

█ Defense counsel next asserts defendant was denied due process for the reason defendant did not receive a copy of the transcript of the preliminary hearing. The record affirmatively reflects that at the preliminary hearing, counsel for the defendant expressly waived the presence of the reporter and indicated his desire to proceed with the hearing. (Tr. 9). The record clearly shows defendant was afforded a preliminary hearing as mandated by Article 2, Oklahoma Constitution, Section 17. We find the record shows defendant affirmatively waived any right he may have had in regard to obtaining a transcript of the preliminary hearing.

██ Finally it is submitted the Court should have taken judicial notice defendant was prejudiced by adverse publicity surrounding a Grand Jury indictment of defendant's trial counsel. Widespread adverse pre-trial publicity of defendant has been held to not in and of itself establish a reasonable probability defendant could not obtain a fair and impartial trial. Capes v. State, Okl.Cr., 450 P.2d 842 (1969). The presumption is defendant can receive a fair trial in tthe county in which charged and defendant is charged with the burden of establishing a probability he cannot receive a fair trial in the said county. Newton v. State, 56 Okl.Cr. 391, 40 P.2d 688 (1935). Requesting the trial court to take judicial notice of possible prejudice resulting from adverse publicity of trial counsel is not sufficient to sustain defendant's burden. The record before this Court does not support defendant's assertion he was adversely affected by pre-trial publicity of trial counsel. Consequently, the trial court cannot be found to have abused its discretion in denying a change of venue.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.