Mary V. THOMPSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–85.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1986.

Michael E. Moore, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Mary V. Thompson, was convicted in a non-jury trial for the crime of Public Intoxication in the District Court of Cleveland County in Case No. CRM–84–1681. The judge found her guilty and set punishment at a fine of one hundred dollars ($100.00).

Briefly stated the facts are that on July 19, 1984, at approximately 1:30 a.m., a police officer in Noble, Oklahoma, observed appellant exit her automobile and stagger toward a nearby grocery store. The officer approached appellant, who walked with an extremely staggered gait, and smelled a strong odor of alcohol. He also observed that appellant had slurred speech, and that her eyes were dilated and bloodshot. Appellant was unable to produce any identification, but she told the officer her name and date of birth. When the officer asked her where she was going she responded by giving an address that is non-existent in Noble, Oklahoma, and the officer informed appellant that she was in Noble, but she believed she was in Norman, Oklahoma. Appellant admitted that she had drunk some beers and taken heavy medication; however, she had taken medication approximately twenty-four (24) hours before that time. After the officer read appellant her rights and explained the implied consent request test, appellant stated that she understood her rights and consented to the test. At that point, the officer conducted a plain view search of appellant's vehicle and

observed the keys in the ignition. He then started the car to establish its mobility.

The officer arrested the appellant for actual physical control of a motor vehicle, and transported her to the Cleveland County Detention Center where she was given a breath analysis test, registering seven hundredths (.07).

■ The appellant first contends that the trial court erred in overruling her motion to dismiss the information. The appellant alleges that the information issued is defective on its face because the affidavit is in the words of the district attorney, J. Tully McCoy, yet it was signed by Chief of Police Joe Hyde and an assistant district attorney.

The purpose of the statute requiring the district attorney to subscribe an information is to give an official character to all prosecution and to insure that the prosecution is being conducted in good faith and not the work of private persons. *Coffer v. State,* 508 P.2d 1101, 1103 (Okl.Cr.1973).

In *Ellington v. State,* 516 P.2d 287 (Okl. Cr.1973), as in the instant case, the defendant argued that the information was defective on its face for the reason that it was not personally verified by the district attorney, and further argued that 22 O.S.1971, § 303 mandated that the district attorney personally verify each information filed in his district. This Court rejected that argument and held that:

> In the information in the case at bench, the district attorney's name is inserted in the verification followed by the signature of the district attorney's duly appointed assistant acting in his official capacity. This is a sufficient compliance with 22 O.S.1971, § 303. The verification is not defective. See, *State v. Jackson,* 57 Okl.Cr. 277, 48 P.2d 861 (1935).

In the instant case, the information was properly verified by a duly appointed assistant acting in his official capacity; therefore, we find that the verification is in compliance with 22 O.S.1981, § 303 and is not defective. This assignment of error is without merit.

■ Appellant next contends that her continued detention after administration of the breath test was illegal in that she was not legally intoxicated under the provisions of 47 O.S.Supp.1983, § 11–902, which states in pertinent part:

A. It is unlawful and punishable as provided in subsection C of this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this State who:

1. Has a blood or breath alcohol concentration, as defined in Section 756 of this title, of ten-hundredths (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person; or

2. Is under the influence of alcohol; or....

The appellant registered seven-hundredths (.07) on the breath analysis test; therefore, she alleges that she was illegally detained. We disagree with this contention.

Although ten-hundredths (.10) is offered as one way of determining intoxication, it is not a conclusive standard. See 47 O.S. Supp.1983, § 11–902(A)(2), supra. Based upon his own observations of the appellant, her staggered gait, slurred speech, odor of alcohol, bloodshot eyes, and sense of confusion, the officer reasonably suspected that she was under the influence of alcohol. Therefore, notwithstanding the fact that appellant registered seven-hundredths (.07) on the breath analysis test, we find that, considering the facts of the instant case, the continued detention of appellant was legal.

■ The appellant alternatively argues that the law enforcement officer in the instant case disregarded the mandatory statutory directives of 37 O.S.1981, § 8 which require that where a person is suspected of public intoxication and the Department of Health has approved a program alternative to statutory prosecution and imprisonment, then that suspect is to be taken to the approved facility.

However, the officer reasonably suspected the appellant of actual physical control of a motor vehicle and arrested her for that offense, not public intoxication. Therefore, he was justified in transporting the appellant to the Cleveland County Detention Center for actual physical control of a motor vehicle, and was not obligated to comply with the legislative directives set forth in 37 O.S.1981, § 8. The fact that appellant was not ultimately convicted of actual physical control of a motor vehicle but of public intoxication does not retroactively bring the officer's actions at the time of the arrest under the scrutiny of the public intoxication statute. This assignment of error is likewise without merit.

For the above and foregoing reasons the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.