ROBERT SALLEE v. STATE.

No. A-7781. Opinion Filed June 12, 1931.
Rehearing Denied Aug. 8, 1931.
(1 Pac. [2d] 794.)

Joe S. Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county of the crime of burglary, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that one Lowery lived on some land belonging to the Commercial Drilling Company; that Lowery occupied the dwelling house on these premises and used the bunkhouse some distance from the house in connection with the house as sleeping rooms for some of his boys; that  the bunkhouse was burglarized and some property taken therefrom; that the dwelling house and bunkhouse were in the possession and control of the complaining witness at the time of the burglary; that one of the officers arrested defendant, and that he escaped from this officer shortly after his arrest; that soon after the first officer arrested defendant, other officers came, having a search warrant, and proceeded to search the premises of defendant, and found therein not only the property taken in the burglary of the bunkhouse, but also a large amount of property taken from other homes in the immediate vicinity; that defendant was seen in the

vicinity of the place burglarized shortly before the crime was committed; that defendant was the owner of a Ford roadster with a small bed on the rear, and that defendant's car was equipped on the rear wheels with one Firestone, 29-4-40, and one Goodyear Diamond 29-4-40 tire; that one of these tires had a cut in the side which caused it to make a peculiar mark; that the tracks of a car having tires similar to those on the defendant's car were found near where the goods taken in the burglary were loaded; that these tires were later identified as having been stolen from another person and placed on defendant's car.

That the goods found at his home at the time of defendant's arrest consisted of a lot of groceries, 30 or 40 pairs of new silk hose, eight or ten pairs of new shoes, a dozen lumber jacks, 15 or 20 pairs of overalls, 10 or 12 bolts of new goods, ribbons, coats, shirts, a feather bed and bed clothing, a ten-gallon lard can full of coffee, some coffee in pound packages, some cans of pork and beans and a few cans of canned fruit. That other property stolen was found at the home of Hotchkiss, a brother-in-law of defendant, who lived in Seminole county.

That some weeks later, defendant was arrested at Windsor, Ark., while attempting to escape out the back door of the house where he was staying. That shortly after his arrest defendant said that he owed the state of Oklahoma some time, and he would plead guilty and get off the best he could.

The defense was an alibi.

Defendant contends first that the court erred in admitting in evidence the stolen articles found in defendant's home, because the search violated defendant's constitutional rights.

It appears from the record that one of the officers

went to defendant's home and arrested him; that he permitted the defendant to go across the street to another house to telephone, and that defendant escaped. It further appears from the record that shortly after this, other officers came with a search warrant, and, upon searching the home of defendant, found a large amount of stolen goods concealed in the same. The objection that the evidence was not admissible is without merit.

Defendant next contends that there is a fatal variance between the allegations in the information and the proof, in that the information alleges that the defendant did unlawfully, willfully, feloniously, and burglariously break and enter into the dwelling house of one Vick Lowery, while the proof shows that the property was taken from the bunkhouse which was used as a part of the residence, and in which some members of the complaining witness' family slept.

Section 2067, C. O. S. 1921, provides:

"The term 'dwelling house' as used in this article, includes every house or edifice, any part of which has usually been occupied by any person lodging therein at night, and any structure joined to and immediately connected with such a house or edifice."

The bunkhouse was a dwelling house within the meaning of said section.

Under this assignment, defendant further contends that there is a fatal variance, because the proof showed that the complaining witness did not own the house burglarized.

The complaining witness testified that he was the lessee, and in exclusive possession of the premises burglarized.

418

Proof of any kind of rightful possession of the house, as against the burglar, is sufficient to sustain the allegation of ownership of the house burglarized. Spencer v. State, 5 Okla. Cr. 7, 113 Pac. 224; Wilson v. State, 50 Okla. Cr. 310, 297 Pac. 826, 827.

Defendant next urges that the evidence is insufficient to support the verdict of the jury. There is no merit in this contention.

It appears from the record that the defendant had a fair trial, and that the errors of law complained of are insufficient to require a reversal of the case. The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.