ROBERT SALLEE v. STATE.

No. A-8419. Dec. 16, 1932.
(17 Pac. [2d] 520.)

218

 

Eaton & Eaton and E. M. Carter, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of the offense of receiving stolen property, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of three years.

Defendant contends first that the court erred in overruling his motion to suppress the evidence, because the same was secured by an illegal search and seizure.

This court had this question under consideration in Sallee v. State, heretofore decided on June 12, 1931, and reported in 51 Okla. Cr. 414, 1 Pac. (2d) 794, wherein defendant was charged with the crime of burglary, and there held that, defendant having been legally arrested, the officers had a right to search his premises.

In the case at bar, as a result of such search, a large amount of goods stolen from other people (not taken in the burglary case) was found on defendant's premises, which resulted in the charge of receiving stolen property and his conviction in the case at bar.

Defendant's contention that the evidence was inadmissible is not well taken.

Defendant next contends that the court erred in overruling his demurrer to the evidence and his request for an instructed verdict.

There is no merit to this contention.

Finally, defendant contends that the court erred in denying his plea of former conviction and jeopardy.

This plea is based on the proposition that the conviction in the case at bar is covered by the conviction of defendant in Sallee v. State, 51 Okla. Cr. 414, 1 Pac. (2d) 794.

This court will take judicial knowledge of its decisions. An examination of the record in the case above mentioned in connection with an examination of this record discloses that the convictions are for entirely different offenses both in law and in fact. Under the holdings of this court, the former conviction could not be a bar to this conviction, although the evidence properly admitted in one case to show guilty knowledge and intent was equally admissible in the other case. Orcutt v. State, 52 Okla. Cr. 217, 3 Pac. (2d) 912; Brant v. State, 53 Okla. Cr. 221, 9 Pac. (2d) 965.

The questions raised being without any substantial merit in law or in fact, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.