## JACK HARDIN v. STATE.

No. A-8774.   March 1, 1935.
(41 Pac. [2d] 922.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the common pleas court of Oklahoma county of unlawful possession of intoxicating liquor, and was sentenced to serve six months in the county jail and to pay a fine of $500.

Complaint is made that the court erred in overruling defendant's demurrer to the information because not signed by the county attorney.  The photostatic copy of the information shows the name of the county attorney, by his assistant; the name of the county attorney appearing in typewriting or print.  It is not disputed that Draper Grigsby, who subscribed the information, was a duly qualified assistant.  Whether in typewriting or print, the subscription of the name of the county attorney was a sufficient compliance with the statute.  In McMillan v. State, 31 Okla. Cr. 261, 238 Pac. 510, syllabus 2, this court held:

"* * * When the county attorney's name is affixed with authority, though in typewriting, to an information which is signed by his duly appointed assistant, it is a

sufficient compliance with the requirement of the statute. Section 2511, Comp. St. 1921."

At the time charged, the sheriff's office was informed of the shooting of one Ed Squires purporting to have been done by defendant at his home near the town of Choctaw. After some investigation, the officers went to defendant's home to arrest him. They made the arrest, and then made a search of his residence for the gun with which the shooting was done. In making this search they found some 20 gallons of whisky. This occurred late in the evening, and the charge for unlawful possession was filed the following day. There is no dispute that defendant had the whisky. He did not take the stand and offered no testimony.

Before the trial, defendant filed a motion to suppress evidence as having been obtained by an unlawful search without a search warrant. After a hearing, the motion was overruled.

The contention is made that the court erred in overruling defendant's motion to suppress evidence, since the search was without search warrant.

After being informed of the shooting, the officers interviewed several persons, including the person shot, and, as a result of the information secured, arrested defendant and as an incident to the arrest made the search. Section 2780, Okla. Stat. 1931, sets out the conditions under which an officer may arrest without a warrant:

"A peace officer may, without a warrant, arrest a person: * * *

"Third. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

The officers were authorized to arrest without a warrant. Sallee v. State, 51 Okla. Cr. 414, 1 Pac. (2d) 794. Welch v. State, 30 Okla. Cr. 330, 236 Pac. 68, syllabus 3:

"Arrest by peace officer who, from his own knowledge or facts communicated to him, has reasonable ground to believe accused guilty of felony is not unlawful."

See, also, Gaines v. State, 28 Okla. Cr. 353, 230 Pac. 946; Sallee v. State, 54 Okla. Cr. 217, 17 Pac. (2d) 520; Moore v. State, 51 Okla. Cr. 411, 1 Pac. (2d) 813. See, also, Grau v. Forge, 183 Ky. 521, 209 S. W. 369, 3 A. L. R. 642. The officers having lawfully arrested defendant, the search was not unlawful, even though the evidence obtained thereby was of another crime. State v. McDaniel, 115 Or. 187, 231 Pac. 965, 237 Pac. 373, 374, holds:

"Under Or. L. §§ 1753, 1757, defining 'arrest' as taking of person into custody that he 'may' be held to answer for 'a' crime, and providing that arrest may be made by an actual restraint, or by submission to custody of officer, held arrest for offense of drunkenness in public place or driving car while in intoxicated condition, and search of defendant was not unlawful because defendant was thereafter charged with an offense of which search showed him guilty, rather than offense for which he was arrested."

Defendant next argues error in admission of incompetent testimony; the court permitting an officer to testify to statements made to him by Squires in defendant's presence. In Vaughan v. State, 7 Okla. Cr. 685, 127 Pac. 264, 42 L. R. A. (N. S.) 889, it was held error for the court to permit an officer to testify to declarations made by a third person in the presence of accused and that accused remained silent. Testimony that defendant was silent was the prejudicial feature. That is not in the instant

444

case. Here the officer further testified that accused told him it was his whisky. Some nonresponsive answers were made by state's witnesses to questions by the state, but, when objections to such were made, the court sustained them, and instructed the jury not to consider them.

We find no substantial error. The case is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.