## EARL HERREN v. STATE.
No. A-10056.   June 24, 1942.
(127 P. 2d 384.)

Champion & Fischl, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Earl Herren, was charged in the district court of Johnston county, with Lester Herren, Walter Brady, Lee Herren and Helen Herren, with the crime of burglary in the second degree. A severance was granted, the defendant, Earl Herren, waived a jury, was tried, convicted and sentenced to serve four years in the State Penitentiary, and has appealed.

The alleged crime herein involved is the same as that for which Lester Herren was convicted and his conviction affirmed by this court on June 17, 1942. Lester Herren v. State, 74 Okla. Cr. 424, 127 P. 2d 215. The proof in the instant case is substantially the same as that in Lester Herren v. State, supra, and reference is made to that case for a statement of the facts. In addition to the facts shown in the Lester Herren case, the proof herein shows that the car in which the persons who committed the burglary were riding the night of the burglary was backed up to the curb at the store and clearly left the imprint of its tires in the mud. A cast of these tracks was made and the proof showed that the identical tracks were found at the premises of Earl Herren.

Tildie Greenway testified that the automobile in which Earl Herren, Lester Herren and Walter Brady were riding, when they came to Lee Herren's place in Carter county early in the morning of October 27th, belonged to Buster Herren. This car was seized by the officers and a comparison of the tracks made by the casings on that automobile with those left at the scene of the burglary revealed that they were identical.

It is first argued that the court erred in admitting in evidence the merchandise obtained at the home of Earl Herren for the reason that the search warrant under which the search was made wrongfully described the premises of Earl Herren and that the search was unlawful and a violation of defendant's constitutional right to be secure in his home against unlawful searches and seizures.

The search warrant was issued for a search of "Residence, all outbuildings and lands used and occupied by Earl Herrin in lot 3 block 38, Mannsville, Johnston County, Oklahoma." The search warrant was not introduced in evidence. The affidavit for search warrant was produced and the justice of the peace who issued the search warrant testified that the search warrant was directed to the premises named in the affidavit, which description is hereinabove set forth. The proof showed that the search warrant was returned, but the justice of the peace was unable to find it in the files of his office. The search warrant was a liquor search warrant which directed a search of the Earl Herren premises for intoxicating liquor. There is some conflict in the evidence as to whether the description set forth in the affidavit was the correct legal description of the Earl Herren residence, but in our opinion the proof is sufficient to show that the defendant did not reside on lot 3, block 38, but did reside on lots 1 and 2 in block 80, and if this search warrant were the only basis for the admission of the exhibits seized at defendant's home, there would have been much merit in this contention.

However, the search of the Herren premises under the search warrant disclosed, in addition to some intoxicating liquor, some new articles of merchandise which the officers seized in connection with their investigation of the Holmes burglary. Some of these articles were posi-

tively identified by Holmes and his wife as having been taken from their store. Later, after the defendant and his wife had both been arrested and charged with this crime, the officers made another search of their premises and found concealed there a much larger quantity of merchandise than was found in the first search. This search was proper. The defendant was in jail on the felony charge and the officers were legally authorized to make such investigation and search of his premises as they saw fit for any articles which might have been used in connection with the felony charged to the defendant.

In Sallee v. State, 51 Okla. Cr. 414, 1 P. 2d 794, it is stated:

"Where the officers have information that a felony has been committed, and where they have reasonable ground to believe the defendant has committed this felony, they may legally arrest him, and evidence obtained in a search of defendant's premises after his arrest is admissible, notwithstanding the defendant may have escaped from the officers shortly after his arrest."

Moreover, under the testimony of the officers, the defendant waived his immunity to this search by telling them to go ahead and search his home and filling station all they pleased.

It must be borne in mind that a jury was waived and the defendant was tried before the court. In the case of Capshaw v. State, 69 Okla. Cr. 440, 104 P. 2d 282, 284, it is stated:

"In a case where a jury is waived and the cause tried to the court, the presumption is that the court in arriving at his decision and rendering judgment considered only that evidence which is competent and admissible and which has a material bearing on the issues of the case and disregarded incompetent evidence w h i c h w a s admitted."

The guilt of the defendant was sufficiently proved without the use of the articles found at defendant's residence. The other circumstances were sufficient to sustain the conviction. No evidence was offered by the defendant. With the state making a sufficient showing to prove defendant's guilt, without consideration of the merchandise found at defendant's home, it is not necessary for us to determine the question of the validity of the first search made by the officers. The evidence against defendant was circumstantial, but a very strong case based on these circumstances was guilt against the defendant.

It is next argued that the evidence is insufficient to sustain the conviction. This assignment has been disposed of in connection with the discussion of the first assignment of error.

Lastly, it is argued that the court committed error when he forced the defendant to answer certain questions which incriminated defendant when defendant and his counsel appeared before the court for the pronouncement of the sentence.

Article 2, sec. 21, of the Oklahoma Constitution provides:

"No person shall be compelled to give evidence which will tend to incriminate him, except as in this Constitution specifically provided; * * *"

Section 3140, O. S. 1931, 22 O. S. 1941, § 973, provides:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time

and upon such notice to the adverse party as it m a y direct."

Under this statute we think it proper where the punishment is left to the court for him to make inquiry at the suggestion of either party into all circumstances which might be properly considered in aggravation or mitigation of punishment.

Because of the constitutional provision above named, we do not think the court can compel the defendant to answer questions which might incriminate him. However, it is not necessary for us to pass upon this question for the reason that the record discloses that all of the questions asked the defendant were answered by him without any objection on the part of defendant or his counsel. Counsel for defendant did object to the admission in evidence of a certificate from the Bureau of Investigation showing the long criminal record of the defendant, but when the defendant was asked to stand and the court commenced to question him, no objection was interposed by counsel for defendant nor by defendant himself to any of the inquiries addressed to the defendant by the court.

There is another reason why the contention of counsel may not be sustained. The court, after interrogating defendant and becoming familiar with the many prior convictions for various crimes which he had sustained, did not inflict the maximum punishment which he would have been justified in inflicting after obtaining this information. The codefendant, Lester Herren, nephew of Earl Herren, was tried to a jury and given a term of four years. That is the same sentence which was meted out to this defendant, and it appears to this court that the trial court assessed the same punishment to Earl Herren as was given by the jury to Lester Herren, without regard to the information which he acquired concerning

Earl Herren after he had found Earl Herren guilty of the crime charged. Under the record it would appear that Earl Herren, uncle of Lester Herren, was the leader in this crime, and there is nothing in the record to indicate any passion or prejudice on the part of the court in assessing the punishment against this defendant.

It is our conclusion that the defendant has had a fair and impartial trial, free from any substantial error, and that the judgment and sentence of the district court of Johnston county should be affirmed.

It is so ordered.

BAREFOOT, P. J., and DOYLE, J., concur.