# HUTTON v. STATE.

No. A-11056.   March 1, 1950.

(215 P. 2d 586.)

O. P. Estes and David Tant, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Alexander Newton Hutton, was charged by information filed in the district court of Oklahoma county with the crime of robbery with firearms, was tried, convicted, and sentenced to serve 25 years in the State Penitentiary, and has appealed.

Two propositions are presented: First, there was a material variance between the allegations of the information and the proof; second, the sentence was excessive.

Under the first proposition, it is contended that the information charged the accused with the crime of rob-

bery with firearms, while the state's proof conclusively showed that the defendant committed nothing more than attempted robbery.

The complaining witness, Grady Hopkins, and his wife owned and operated a grocery store in Oklahoma City. They lived in a room adjoining the store and in the same building. At the time alleged in the information, Hopkins and his wife were asleep in bed, and were awakened from their sleep by the defendant who was armed with a pistol and demanded their money. They gave the defendant about $40, which was in a cardboard box, and defendant then demanded the rest of the money. Mrs. Hopkins told defendant it was in her purse in the other room. When Mrs. Hopkins started into the other room after the purse, at the direction of defendant, the defendant turned to watch Mrs. Hopkins, and Hopkins struck the defendant in the head, knocking him to the floor. Hopkins then wrestled with the defendant and disarmed him. A neighbor, aroused by the disturbance, came over and assisted Hopkins in holding the accused until the police arrived and took him to the jail.

The defendant in his own behalf admitted breaking into the Hopkins home, pointing a pistol at them, and demanding the money, but contends that the money never did pass into his possession. The evidence of Hopkins and his wife is to the contrary in so far as the money in the cardboard box was concerned.

Moreover, the statute under which this prosecution was instituted provides:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any

person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the Court, or the jury trying the same." 21 O. S. 1941 § 801.

Under this statute, it punishes an individual who robs or attempts to rob any person, etc. An attempt to rob is just as grave an offense as the actual robbery.

There is no merit to the contention that the punishment is excessive. An armed robber who takes his loaded pistol and commits a crime such as this defendant admits will receive no sympathy in this court. He was a potential murderer, and the commission of such crimes cannot be stopped except by the imposition of very severe penalties. The person who robs another with a loaded pistol is our most dangerous criminal. He is ready to kill if his commands are not obeyed. If juries will give them long prison terms for these dastardly crimes, or even the death penalty in aggravated cases, and the Parole Board will see that such sentences are executed, the commission of armed robberies will be lessened, if not stopped. A term of 25 years' imprisonment under the circumstances herein disclosed is certainly not excessive.

The judgment and sentence of the district court of Oklahoma county is affirmed.

BRETT and POWELL, JJ., concur.