## KITTRELL v. STATE.

No. A-11708. Feb. 11, 1953.

Rehearing Denied March 25, 1953.

(253 P. 2d 853.)

Ralph Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Charles Ray Kittrell, was charged by an information filed in the district court of Oklahoma county with the crime of robbery with firearms, was tried, convicted, but the punishment was left to the court by verdict of the jury. Thereafter the court sentenced the defendant to serve a term of 22 years' imprisonment in the penitentiary, and he has appealed.

Although the Attorney General has briefed the state's case on the theory that the defendant is attacking the sufficiency of the evidence to sustain the conviction, we do not so consider the brief which was filed by counsel for the defendant. If such was the contention, it is our opinion that the evidence is amply sufficient to support the conviction.

The proof of the state showed that Mr. and Mrs. John Lankford owned and operated a grocery store at 4801 S. Pennsylvania avenue in Oklahoma City; that on the evening of December 21, 1950, about 8:00 p.m., two young men entered their store purportedly to purchase some lunch meat. After buying the lunch meat and picking up a loaf of bread, the smaller of the two men, who was later identified as the defendant, Kittrell, pulled a pistol from his pocket, pointed it at Mr. Lankford and demanded his money. At the point of the gun Lankford was compelled to deliver to the robbers $153.80 in cash. When the robbers left the store, Mrs. Lankford secured the license number of the automobile in which they were traveling. They also gave the police officers a good description of the man who held the pistol. The officers the next day found the automobile about a

block from where the defendant Kittrell lived with his parents. They sought to locate Kittrell by inquiring at his home but were unable to find him. He was not apprehended for several months.

The Lankfords each positively identified the defendant as the man who held the pistol on them. Although the defendant was clean shaven at the time of his arrest and also at the time of the trial, the Lankfords testified that at the time of the robbery he had a mustache and sideburns. A picture of the defendant was introduced in evidence by cross-examination of a sister of the defendant who testified in his behalf in which she stated that the picture showed the way her brother looked the previous year. In this picture the defendant had a mustache and sideburns. The officers knew Kittrell and from the description of the gunman given to them by the Lankfords they immediately sought to find the defendant but he had gone to another state.

Although the defendant did not testify in his own behalf, his father and sister testified that he was at home the evening of the robbery. They stated the officers came to their home the next day after the robbery looking for Charles but he was not at home. They testified, however, that he remained in Oklahoma City until January 7 when he left for Roswell, New Mexico.

Counsel for the accused in his cross-examination of the Lankfords showed that when they first viewed the defendant at the police station several months after the robbery, they were not positive of their identification. This evidence would only affect the weight which the jury might give to the testimony of the prosecuting witnesses when they testified positively at the trial that defendant was the man who held the gun on them.

It is contended that the court improperly admitted evidence of the investigation made by the officers in their attempt to locate Kittrell on the ground that they did not have a warrant for his arrest, but were acting solely on suspicion.

The court properly overruled this objection. The officers had the duty to make an investigation of this capital offense which had been committed. They merely detailed the various places they visited trying to find the accused but were unsuccessful. The officers would have been justified in arresting the accused on suspicion of having committed the felony, based upon the facts in their possession. 22 O.S. 1951 § 196.

The jury returned a verdict of guilty but left the punishment to be assessed by the court. At the appointed time for pronouncing judgment and sentence the county attorney called the trial court's attention to the past criminal record of the accused over the objection of counsel for the accused and such action is assigned as error.

In the case of Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 384, this court held:

"Under Section 3140, O. S. 1931, 22 O. S. 1941, § 973, after a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the matter summarily at a specified time and upon such notice to the adverse party as it may direct.

"Under such statute the extent of the inquiry, when the accused comes on for the pronouncement of sentence, is a matter addressed to the sound discretion of the trial court."

Lastly, it is contended that the sentence assessed by the court was excessive. With this contention we cannot agree. Without considering the three former felony convictions sustained by the accused, the court would have been perfectly

justified in inflicting the punishment which he assessed. This court is cognizant of the seriousness of the offense which was committed by the defendant and that such criminal offenses are on the increase in Oklahoma and particularly in the areas of large population. The Legislature in its wisdom has provided that where a robbery is committed with firearms, the punishment in extreme cases could be the death penalty. We do not feel that the epidemic of robberies that are being committed can be checked by light sentences of 5, 10 or 15 years. Where the offender has served a previous term or terms in the penitentiary, he should be given life imprisonment and where he is a hardened criminal with long record behind him, the court in the exercise of discretion in extreme cases should sentence him to death in the electric chair. We feel that the imposition of these severe penalties will cause the robbers to shun Oklahoma but until they know that the punishment which will be meted out to them will be severe and certain, they will probably continue to terrorize our citizens. Instead of the defendant having grounds to complain of the severity of the punishment, he should feel himself fortunate that he was not given life imprisonment, which he deserved. Where the proof shows that during a robbery the pistol is fired at the person who is robbed, even though the person is not struck or if he is struck and death does not ensue, the trial court should give serious consideration to inflicting the extreme penalty for such conduct. In no more forcible way can these robbers be impressed that the courts and law enforcement agencies are determined to stop their evil activities.

The judgment and sentence of the district court of Oklahoma county is affirmed.

POWELL, P. J., and BRETT, J., concur.