## BOW v. STATE.
### No. A-12028.

Criminal Court of Appeals of Oklahoma.
July 21, 1954.

Homer Thompson, Public Defender, Oklahoma City, for plaintiff in error on appeal.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, George Stuart Bow, was convicted in the District Court of Oklahoma County for the crime of robbery with firearms after having been formerly convicted of a felony, and pursuant to the verdict of the jury, was sentenced to serve 99 years in the penitentiary.

Two propositions are presented by the appeal: (1) The trial court erred in admitting evidence of former convictions where the charge is robbery with firearms, a capital case, because the habitual criminal statute authorizing increased punishment for subsequent convictions may not be used in capital felonies unless it is clear that the court must charge the jury on some included offense. (2) The judgment and sentence was excessive.

Since the appeal was filed, the first proposition has been squarely presented to this court in the case of Sheppard v. State, 269 P.2d 791, 792, wherein it was held:

"The habitual criminal statute (21 O.S.1951 § 51) may be used in a prosecution for robbery with firearms.

"The only effect of prosecuting an offender for robbery with a dangerous weapon after a former conviction of a felony is to change the minimum punishment which may be assessed upon conviction from five years in the penitentiary to ten years in the penitentiary."

With reference to the second assignment of error, the record discloses that the defendant pointed a loaded pistol at the operator of a parking lot between 1:00 and 2:00 A.M. on May 16, 1953, and by the use of his weapon, took a sack of money containing $47.80. Within a few minutes after the robbery, two deputy sheriffs apprehended the defendant just a few blocks from the parking lot. He had the loaded 38 caliber revolver and the sack of money in his coat pocket at the time of his arrest. He was positively identified. The State also showed that defendant had been convicted of larceny of a battery in police court and had also been convicted of larceny of an automobile and also of robbery with firearms. He had only been released from serving the robbery sentence a short time before commission of the crime from which this appeal was taken.

Defendant testified that he was born in 1928, the product of a broken home. He admitted the convictions that he had sustained. In regard to the instant case he testified that about 7:00 o'clock P.M. on the night of the robbery, he went to a beer tavern and did not remember anything that occurred thereafter until after his arrest.

Our views concerning the infliction of punishment in cases of robbery with firearms are well known. We firmly believe that robberies cannot be controlled without the infliction of severe punishment and even the death penalty in the more serious cases. Our views are summed up in the case of Kittrell v. State, Okl.Cr., 253 P.2d 853, 855, wherein it was stated:

"Lastly, it is contended that the sentence assessed by the court was excessive. With this contention we

cannot agree. Without considering the three former felony convictions sustained by the accused, the court would have been perfectly justified in inflicting the punishment which he assessed. This court is cognizant of the seriousness of the offense which was committed by the defendant and that such criminal offenses are on the increase in Oklahoma and particularly in the areas of large population. The Legislature in its wisdom has provided that where a robbery is committed with firearms, the punishment in extreme cases could be the death penalty. We do not feel that the epidemic of robberies that are being committed can be checked by light sentences of 5, 10 or 15 years. Where the offender has served a previous term or terms in the penitentiary, he should be given life imprisonment and where he is a hardened criminal with long record behind him the court in the exercise of discretion in extreme cases should sentence him to death in the electric chair. We feel that the imposition of these severe penalties will cause the robbers to shun Oklahoma but until they know that the punishment which will be meted out to them will be severe and certain, they will probably continue to terrorize our citizens. Instead of the defendant having grounds to complain of the severity of the punishment, he should feel himself fortunate that he was not given life imprisonment, which he deserved. Where the proof shows that during a robbery the pistol is fired at the person who is robbed, even though the person is not struck or if he is struck and death does not ensue the trial court should give serious consideration to inflicting the extreme penalty for such conduct. In no more forcible way can these robbers be impressed that the courts and law enforcement agencies are determined to stop their evil activities."

Of course the question of the excessiveness of the punishment must be determined by a study of all the facts and circumstances of the particular case. We find nothing of substance that would legally justify us in modifying the sentence fixed by the jury. The judgment and sentence of the District Court of Oklahoma County is affirmed.

POWELL, P. J., and BRETT, J., concur.