**Tommy Thurman STANFORD,
Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14463.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Tommy Thurman Stanford, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Robbery with Firearms. He was tried by a jury, found guilty, and sentenced to 25 years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record, it appears that the victim of the robbery, David Crumby, testified that on February 4, 1967, he was working at a drive-in milk stand, at 6717 North May, when about 7:30 p. m., defendant Stanford

came in with a gun in his hand and demanded all the money. He stated he was put in fear, and gave defendant about $87.00. This occurred in a lighted booth, transpiring in about three to five minutes. He identified a gun as "similar" to the one the robber used and said he was certain defendant was the person who robbed him. He said the defendant was wearing a pink hunting cap, nylon windbreaker jacket, and black slacks.

Officer Burrows of the Oklahoma City Police Department, testified that he and his partner went to a night club in Oklahoma City, "The Little Alcatraz", at N.W. 36 and Meridian about 9:45 p. m., where they found defendant sitting in a booth, arrested him, and found a pistol in his rear pocket. This was the pistol earlier referred to by the victim.

Two witnesses testified for the defendant, alleging that he was in the club from 6:00 p. m. to about 9:00 p. m., when he left for approximately 30 minutes. Rebuttal evidence was given by the state. This was substantially the evidence presented to the jury.

This Court has repeatedly held, as in Williams v. State, Okl.Cr.App., 373 P.2d 91:

> "Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

Defendant also alleges that the sentence was excessive. With this, the Court cannot agree.

Armed Robbery is a capital offense, and well within the statutory limits of 21 O.S. § 801.

See, Hutton v. State, 91 Okl.Cr. 35, 215 P.2d 586; Kittrell v. State, 96 Okl.Cr. 301, 253 P.2d 853; Bow v. State, Okl.Cr.App., 273 P.2d 141; and O'Donnell v. State, 73 Okl.Cr. 1, 117 P.2d 139, wherein sentences for armed robbery has been held not to be excessive.

This Court has carefully considered the record and brief of Plaintiff in Error in this cause, and are of the opinion that the judgment and sentence should be, and the same is, hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.