Ronald Edward ROGERS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15258.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Tim Leonard, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Ronald Edward Rogers, hereinafter referred to as defendant was charged, tried and convicted, in the District Court of Oklahoma County, with the crime of Robbery with Firearms, and from the judgment and sentence fixing his punishment at 50 years imprisonment in the state penitentiary, he appeals.

The facts in the case are relatively simple. On the morning of February 18, 1967, the defendant and his brother walked into the A. W. Lee Oil Company in Oklahoma City, whereupon they produced a firearm in order to rob the owner of the oil company. The owner, a Mr. Leo E. Meyers, was then tied and gagged while the defendant proceeded to take approximately $2,-400.00 from the safe. The defendant and his brother then fled the store and while being pursued by an employee of the A. W. Lee Oil Company, the defendant fired three shots in the direction of the employee. The defendant was soon apprehended by police officers near the scene of the robbery. There was no question of evidence in this case, as the defendant took the stand and admitted his part in the robbery.

On appeal the defendant contends that the penalty of 50 years imprisonment assessed by the jury is excessive. Excessiveness of punishment is determined by the circumstances in each particular case. This Court has expressed itself clearly concerning its attitude toward the seriousness of, and the punishment for, Robbery with Firearms. In Perrymore v. State, Okl.Cr., 366 P.2d 770, we stated:

"We believe the rule is well settled in Bow v. State, Okl.Cr., 273 P.2d 141, wherein this court in the body of the opinion quoted from Kittrell v. State, [96] Okl.Cr. [301], 253 P.2d 853, 855, wherein it was stated:

'This court is cognizant of the seriousness of the offense which was committed by the defendant and that such criminal offenses are on the increase in Oklahoma and particularly in the areas of large population. The Legislature in its wisdom has provided that where a robbery is committed with firearms, the punishment in extreme cases could be the death penalty. * * * We feel that the imposition of these severe penalties will cause the robbers to shun Oklahoma but until they know that the punishment which will be meted out to them will be severe and certain, they will probably continue to terrorize our citizens.' "

In the instant case no evidence was presented to controvert any of the evidence presented by the State. The defendant did take the stand to ask for mercy from the court, but presented no actual mitigating circumstances.

■ This Court is of the opinion that the penalty imposed is well within the range provided by law, since the maximum years of punishment is unlimited and the punishment could be death. We are further of the opinion that the defendant had a fair and impartial trial, the issues were properly submitted to the jury; the evidence amply supports the jury's verdict, and the punishment imposed is not excessive.

■ We are not impressed by the defendant's argument that had he entered a plea of guilty to the charge, rather than proceeding to trial, the District Attorney's office would have recommended a 25 year sentence. The court, of course, on a plea of guilty would not have been bound by such recommendation and when the defendant exercised his right to a jury determination of his guilt or innocence, he placed the issue of punishment to be meted out for his crime squarely within the hands of the jury. As we have seen, the jury

imposed a punishment well within the range provided by law and he cannot now be heard to complain that the jury discharged its duty.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.