**Lee MONTGOMERY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14828.**

Court of Criminal Appeals of Oklahoma.

April 8, 1970.

Rehearing Denied May 28, 1970.

Jay D. Dalton, Public Defender, for plaintiff in error.

S. M. Fallis, Jr., Dist. Atty., Ted Flanagan, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Lee Montgomery, hereinafter referred to as defendant, was charged in the District Court of Tulsa County with the crime of Murder. He was tried by a jury, found guilty of the included offense of Manslaughter in the First Degree, punishment was set at an indeterminate sentence of not less than 60 nor more than 180 years, and he appeals.

Briefly stated, the record reflects that on the 4th day of November, 1967, the defendant, after having an argument with

John Holdman, and tempers had cooled, shot the said John Holdman in the back and after he had fallen, fired several other shots into his body, killing him.

■ It is first contended that the evidence does not support the verdict of the jury. Under this proposition defendant argues, in substance, that since the homicide occurred after an argument occasioned by the defendant catching the deceased cheating in a card game, the deceased got his just desert. It is further argued that the homicide would not have occurred had the deceased remained inside the building and that the homicide was precipitated by the decedent's action in coming onto the street. Such argument clearly does not possess sufficient merit to be dealt with at length; suffice it to say that not only does the evidence adduced on the trial overwhelmingly support the verdict of the jury, but the evidence overwhelmingly would have supported a verdict finding the defendant guilty of Murder.

■ Counsel for defense next argues that the prosecuting authorities were derelict in not calling all of the witnesses present at the homicide scene when the investigating officers arrived. This assignment of error is likewise without merit. The correct rule as to the calling of witnesses is stated in People v. Cavanaugh, 69 Cal.2d 262, 70 Cal.Rptr. 438, 444 P.2d 110, as follows:

"Neither the prosecution nor the defense is required to call as witnesses all persons who are shown to have been present at any of the events involved in the evidence, or who may appear to have some knowledge of the matters in question in this trial * * *."

■ Defendant next contends that the prosecuting attorney committed prejudicial error when, on cross-examination, he questioned the defendant about prior convictions, some of which were admitted and others denied by the defendant. It is argued, in substance, that this line of cross-examination was made in bad faith in that the prosecutor was unprepared to substantiate the prior convictions. This contention is likewise without merit and ignores the following stipulation between the attorneys, appearing at page 227 of the casemade:

"MR. FALLIS [DISTRICT ATTORNEY]: If it please the Court, for purposes of the record, out of the presence of the jury, may it be stipulated to for the purpose of showing good faith on behalf of the State of Oklahoma in asking the question of the accused if he had been previously convicted of any crimes punishable by laws of the State of Oklahoma, wherein the accused did admit some convictions, that the State has exhibited to defense counsel reports from the City of Tulsa and records not marked or introduced as evidence in this case, and also the United States Department of Justice information sheet showing a record on a Herman Lee or a Lee Herman Montgomery, including thereon October 5, 1947 conviction in Enid, Oklahoma, for carrying a deadly weapon and drunk and other convictions, and this is for the purpose only of establishing the good faith in the inquiry made.

MR. CREWSON: May it be further stated in the record that Thomas S. Crewson, assistant District Attorney, on the 29th day of December, 1967, personally called the District Attorney's office in Enid, Oklahoma, in reference to the entries on the FBI rap sheet of the defendant on convictions in Enid, Oklahoma. I further talked personally with the records department of the Municipal Court of the City of Tulsa in reference to the convictions of the defendant in the City of Tulsa. This is for the purpose of showing good faith of the State.

MR. DYER [Counsel for defendant]: I would like to inquire, did the district attorney you talked to, did he have personal knowledge? Was he the one that was there in 1949 or 1947?

MR. CREWSON:[1] There is no 1949 or 1947.

MR. DYER: What were you referring to?

MR. FALLIS: To the entries on the rap sheet that we had here.

MR. DYER: The defendant will so stipulate.

MR. CREWSON: And the records of their office in the District Attorney's Office?

MR. DYER: The defendant will stipulate for the purpose of showing the good faith of the district attorney in inquiring into this on cross examination."

This leads us to a consideration of defendant's last assignment of error that the punishment of imprisonment for an indeterminate term of 60 to 180 years is cruel and unusual punishment in violation of the State and Federal Constitutions.

■ Judges Brett and Nix are of the opinion that in the interest of justice the judgment and sentence should be modified to an indeterminate term of from thirty (30) to ninety (90) years, and as so modified, affirmed.

For the purpose of clarification, however, I wish to state my position on the issues argued in the last proposition with relation to the two issues contained thereunder. I would observe that under the statute, Manslaughter in the First Degree may be punished by an *unlimited* number of years imprisonment or it may carry a sentence of life imprisonment. In light of the overwhelming evidence of defendant's guilt, it is apparent but for the skill of his trial counsel, the jury might well have found him guilty of Murder and imposed the death penalty. This Court has consistently sustained convictions imposing terms of imprisonment beyond the normal span of life.[1] Many courts in other jurisdictions have imposed severe sentences which were beyond the span of life allotted to human beings.[2]

I believe the best expression of the rule relating to this issue is set forth by the Supreme Court of Florida in Chavigny v. State, Fla.App., 112 So.2d 910, citing with approval Brown v. State, 152 Fla. 853, 13 So.2d 458, wherein the Court held that the constitutional prohibition against cruel and unusual punishment refers to the statute fixing the punishment and not to the punishment set by the court within the limits defined in such a statute, and if the statute does not violate the Constitution, any punishment set in conformity to it cannot be adjudged excessive for the reason that it is not within judicial but legislative power, controlled only by the constitutional provisions, to declare what punishment may be assessed against those convicted of crime.

Since Judges Brett and Nix constitute a majority of the Court, the judgment and sentence rendered in District Court Case No. 22,997, imposing an indeterminate sentence of not less than 60 nor more than 180 years imprisonment is hereby Modified to an indeterminate sentence of not less than thirty (30) nor more than ninety (90) years imprisonment in the state penitentiary, and as so modified, the judgment and sentence is AFFIRMED.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.

1. Ex parte Hibbs, Okl.Cr., 190 P.2d 156, cert. den. 69 S.Ct. 25, 335 U.S. 835, 93 L.Ed. 387—99 years for First Degree Burglary, After Former Conviction of a Felony; Bow v. State, Okl.Cr., 273 P.2d 141—99 years for Robbery with Firearms; Crawford v. State, Okl.Cr., 443 P.2d 766—60 to 180 years for First Degree Rape.

2. People v. Grant, 385 Ill. 61, 52 N.E.2d 261—199 years for Murder; People v. Bernovich, 391 Ill. 141, 62 N.E.2d 691 —150 years for Murder; People v. Dixon, 400 Ill. 449, 81 N.E.2d 257—199 years for Rape; United States ex rel. Bongiorno v. Ragen, 146 F.2d 349, cert. den., 325 U.S. 865, 65 S.Ct. 1194, 89 L.Ed. 1985—199 years for Murder; State v. Brownridge (Mo.), 353 S.W.2d 715— 99 years for Rape and Lambright v. State 167 Tex.Cr.R. 96, 318 S.W.2d 653 —99 years for Robbery by Assault.