Jack WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–210.

Court of Criminal Appeals of Oklahoma.

Aug. 3, 1981.

Charles S. Rogers, Deputy Appellate Public Defender, Cleveland County, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., William Roy Holton, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

Jack Williams appeals from a conviction of Robbery with Firearms, pursuant to Laws 1973, ch. 76, § 1, now 21 O.S.Supp. 1980, § 801, in the District Court of McCurtain County, Oklahoma. He was sentenced to twenty-five (25) years' imprisonment.

At trial, the State introduced evidence establishing that, after robbing the bank at gunpoint, the appellant forced a bank teller to leave the store with him in order to insure his own safe escape. Upon exiting the bank, the appellant was ordered to halt, whereupon he fired three shots at the police officer. Based on these facts, the appellant was originally charged with three separate crimes arising from the same transaction: Robbery with Firearms; Kidnapping; and Shooting with Intent to Kill.

Before trial both parties stipulated that the kidnapping and shooting charges would be dismissed if evidence of those offenses were offered at the trial for robbery. At the end of the trial for robbery, the prosecutor moved to have the kidnapping and shooting charges dismissed, according to the stipulation. The judge then dismissed the charges for kidnapping and shooting with intent to kill.

The sole error raised by the appellant is that the trial court wrongly permitted testimony to be introduced which established crimes other than the robbery for which the appellant was being tried. The record reveals that at the very outset of the trial both parties did stipulate that if evidence of other crimes was admitted in an attempt to prove the crime of robbery, the other charges would be dismissed. Further, at the end of the trial, in accordance with the agreement and stipulation of the parties, the trial judge dismissed the charges for kidnapping and shooting with intent to kill. The appellant cannot now disavow the binding effect of the stipulation upon him, ab-

sent a showing that he was deprived of some fundamental right. Because such a showing has not been made, the proposition of error is without merit. *McCoy v. State,* 536 P.2d 1309 (Okl.Cr.1975); *Webb v. State,* 538 P.2d 1054 (Okl.Cr.1975); *Montgomery v. State,* 474 P.2d 667 (Okl.Cr.1970).

The judgment and sentence appealed from is affirmed.

BUSSEY and CORNISH, JJ., concur.